# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRYSTAL CHAPMAN, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>SURGEPAYS, INC. d/b/a SURGE LOGICS<br><br>        Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

Plaintiff Crystal Chapman (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### Preliminary Statement

1. Plaintiff Crystal Chapman ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S.

2. SurgePays, Inc. d/b/a Surge Logics ("Surge Logics") made telemarketing calls to residential numbers listed on the National Do Not Call Registry, like Mrs. Chapman's, which is prohibited by the TCPA.

3. The Plaintiff never consented to receive the calls, which were placed to her phone line for telemarketing purposes. Because telemarketing campaigns generally place calls to

thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff Crystal Chapman is a resident of New York.

6. Defendant Surge Logics, LLC is a Nevada corporation with principal place of business in Schaumburg, IL. Defendant is registered to do business into this District and does business in this District through the services it provides.

## Jurisdiction & Venue

7. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8. This Court has jurisdiction over the defendant. Surge Logics regularly engages in business in this District, including making telemarketing calls from this District and soliciting business from this District.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District.

## The Telephone Consumer Protection Act

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

14. Surge Logics is a lead generation company.

15. It specializes in finding leads for law firms.

16. To generate these leads, Surge Logics relies on telemarketing.

17. Those calls violate the TCPA when they are made to residential consumers on the National Do Not Call Registry.

The Calls to Mrs. Chapman's Phone Line

18. Plaintiff Chapman is a "person" as defined by 47 U.S.C. § 153(39).

19. Plaintiff's residential telephone number is (585) 414-XXXX.

20. That number has been on the National Do Not Call Registry for more than 30 days and it has not been removed from the Registry since that time.

21. Mrs. Chapman uses the number for personal, residential, and household reasons.

22. The number is not associated with any business.

23. Defendant placed telemarketing calls to Plaintiff's number regularly in June and July of 2021, including on June 10, 12, 27, 28 and July 1, 21 and 27.

24. The calls were placed from Caller ID number (585) 282-6069.

25. Indicative of the *en masse* calling the Defendant is engaged in, that Caller ID is "mostly categorized as Unsolicited call". *See* https://us.shouldianswer.net/phone-number/5852826069.

26. The calls promoted Surge Logics's lead generation services.

27. Indeed, on the July 21, 2021 call, an individual named "Mark Lavine" came on the line and indicated that the call was being made in order to refer call recipients to personal injury attorneys.

28. Despite being on the National Do Not Call Registry, the Defendant was informed to no longer call on the June 13, 2021 call.

29. Despite that, the Defendant placed at least five more calls for the same purpose.

30. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because their phone lines were tied up during the telemarketing calls and their privacy was improperly invaded.

31. The Plaintiff did not provide her prior express written consent to receive the calls.

## Class Action Statement

32. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

33. The class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

34. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

35. The Class as defined above are identifiable through phone records and phone number databases.

36. The potential members of the Class number at least in the thousands.

37. Individual joinder of these persons is impracticable.

38. The Plaintiff is a member of the Class.

39. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    (b) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

    (c) whether Defendant's conduct constitutes a violation of the TCPA;

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40. Plaintiff's claims are typical of the claims of members of the Class.

41. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

42. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

43. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

44. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

45. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency

purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

46. The Defendant's violations were negligent, willful, or knowing.

47. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

48. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making autodialed calls, except for emergency purposes, to any cellular telephone number in the future.

      F.      An award to Plaintiff and the Class of damages, as allowed by law; and

      G.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

      H.      Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

Respectfully submitted for Plaintiff,

Dated: August 11, 2021

By: */s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff and the Proposed Class*